Civil Action No: <u>12-02-0185-CVA</u>

Court of Appeals No: <u>04-14-00611-CV</u>

DAVID ALLAN EDWARDS #907246            §

ELLIS UNIT, 1697 FM 980

HUNTSVILLE, TEXAS 77343                §

    <u>APPELLANT</u>                       §            IN THE FOURTH

                                COURT OF APPEALS

     -V-                          §     JUDICIAL DISTRICT OF TEXAS

COUNTY OF ATASCOSA, DISTRICT           §        SAN ANTONIO, TEXAS

ATTORNEY OF ATASCOSA

    <u>APPELLEE</u>                       §

---

<u>APPELLANT'S RESPONSE TO APPELLEE DISTRICT ATTORNEY OF ATASCOSA COUNTYS FILING</u>

<u>OF BRIEF</u>

TO HONORABLE JUDGE OF SAID COURT,

Now comes <u>DAVID ALLAN EDWARDS</u>, who is indigent and acting pro se. Appellant is incarcerated at the Ellis Unit located in Huntsville, Texas and will explain as follows.

I

In Appellee's Introduction he explains as argument that Appellant has failed to attack the grounds inwhich the judgement was granted and also fails to include a point of error. Appellant totally disagrees and will show as follows. The statute relied on does not apply to this suit or the evidence that is in question <u>EXTRANEOUS OFFENSE REPORT</u> and the <u>NEGLIGENCE</u> of Appellee using said document in a manner inwhich it was not made to be used dictated by law and statute. There is no statute of limitations concerning FRAUDULENT CONCEALMENT and CONTINUING HARM under Texas Deceptive Trade Act, Tort Laws. See <u>SHAH V MOSS</u> 67 S.W.3d at 836,841. Fraudulent Concealment will toll the statute of limitations for negligence claims. Appellant has provided this argument in his objection

at hearing held on May 9, 2014 and in his filings. See [RR,pg25,15-20,pg26, 12-25,pg27,1-18,pg33,17-25],[RR,pg36,9-11]Objection for not being allowed to call witnesses to testify as to the fraudulent nature of EXTRANEOUS OFFENSE REPORT. Appellant has in concise language stated his legal right to tolling in every document he has filed. See Supplement 69,80,See Objection to Defendant District Attorneys Motion for Summary Judgement (Apr 16,2014), It is of record in the transcripts of the hearing. Appellant made it clear in his Motion For New Trial. Appellant has included it in his Brief.MARTIN V CATTERSON 981 S.W.2d at 222,TEXAS DECEPTIVE TRADE ACT,17,39-50,WILLIS 760 S.W.2d at 642, and STREBER 221 F.3d at 701. Fraudulent Concealment is equitable doctrine that, when properly envoked, estops defendant from relying on statute of limitations. CASEY V METHODIST HOSP 907 S.W.2d at 898." Judge has duty to disclose negligent act or fact that injury has occurred, and limitations provisions DO NOT ABOLISH FRAUDULENT CONCEALMENT as equitable estoppel to defense limitations under that statute.

Hearing Court failed in its duty to be fair and impartial. [RR,pg 27,1, "SO WHAT!"].It was never a legal question as to Appellant's argument defending the statute relied on by defendant as it SHOULD HAVE NEVER been allowed to be filed as defendant/appellee never answered appellant's No-Evidence/No-Answer Defaults. The hearing court avoided that ruling and acted as if He Judge Lee ,was one of the defendants. IN RE KLEVEN 100 S.W.3d at 644. Refusal to rule + Objection, The trial court failed to rule or refused to allow Appellant's objections and arguments and failed to investigate appellant's claims. Appellant made timely objections at hearing and within his pleadings to preserve his right of review on law and statue of Fraudulent Concealment. The merits of appellees arguments I and II are not supported by law or fact.

Appellee contends in his argument number III that Appellant cannot bring up later additional issues as error on appeal if they were not presented at hearing on summary judgement. This is contrary to law and statute and I will explain as follows.

A Motion For New Trial preserves error when filed timely containing new evidence NOT CONSIDERED AT SUMMARY JUDGEMENT HEARING and requesting relitigation of issues,See BARRY V BARRY 193 S.W.3d at 72,74. It is not the fault of appellant hearing court failed to read and rule on Motion For New Trial containing new evidence,see Original Brief,exhibit (B) attachment (C) Objection to a lack of full Habeous Hearing/OBJECTION TO EXTRANEOUS OFFENSES,dated 12/15/2003. By rule and statute these objections and new evidence is preserved for appellate review with the filing of a timely MNT. See In re KLEVEN 100 S.W.3d at 644,CITY OF HOUSTON,589 S.W.2d at 671,678.

As explained in MNT. Appellant of no fault of his,was denied access of this information,evidence and had no way to bring it into the hearing. Any type argument concerning same without it at hearing would have been a moot point. The appellee speaks to the point of knowledge and diligence as to any tolling of limitations and I will also make of record my diligence and why there was in appellee opinion a lack there of. Because of the sentence handed down to me a first time offender, using of the fraudulent extraneous offenses by jury caused me to be sent to a super max unit. I having never been in prison before was put with the worst of the worst. I had to defend myself and landed in Administrative Segregation in early 2000. I did not get out of Ad/Seg until late 2010,through a special program. I, a year later filed my law suit for Due process violations. In solitary I was not allowed a

true access to courts. I was delivered ONE case three times a week if I was lucky and I had to know the name of the case. Any books I requested I had to know the actual page and article I wanted to review as they would copy that if and when they had time. I was not allowed any legal books in full to read to find other cases. They discouraged any legal research through a method of constant denial. I now have real time ability to read and research five days a week. It was not by my choice in any delay. I have pursued this matter with extreme diligence as money and ability has allowed. This is not an excuse just an explanation and hopefully it will be taken into consideration.

The new evidence will bring to light a new and independent truth so decisive that it demonstrates justice was not obtained. WAFFLE HOUSE 313 S.W.3d at 813,JACKSON 660 S.W.2d at 809. The new evidence brings to light an OBJECTION that was made and preserved as error by a Habeous Court. This Objection was NEVER brought to conclusion or ruled on. This OBJECTION was made in 2003. " A contemperaneous objection is required to preserve "LONG ERROR" for purpose of obtaining collateral relief." Ex parte Crispen 77 S.W.2d at 103.

The introduction of this evidence would have negated the alleged affirmative defense Appellee relied on and hearing court ruled on. This showed an objection preserving LONG ERROR in 2003.Appellant right to tolling comes in two parts. 1) being the fraudulant concealment doctrine prescribed by law and statute where the very nature of extraneous offense document is fraudulent, until its been made true and reflecting the facts that evidence supports. 2 ) The LONG ERROR and the Objection made in 2003 as supported by new evidence contained in the timely filed Motion For New Trial. Appellant has shown due diligence in pursuing his due process and civil rights violations by appellee. Argument number III is not supported by law or fact.

Appellee states that his service to Appellant was timely as it was filed on May 2,2014 and that his Response to Appellants No- Evidence/No- Answer Defaults did not have to be served upon Appellant only filed seven days prior to hearing. Appellant was sreved on May 9, 2014 at 3pm after hearing.

Appellant objected at hearing and in his Motion For New Trial preserving his right of review on appeal. Appellee told the hearing judge that he mailed his response to Appellants last known address Ellis Unit, Huntsville, Texas. Appellee used deceptive tactics to sway the opinion of hearing Judge Lee. Appellee was well notified of appellants new address. See exhibit (B) attachment (D) letters from Deputy Clerk Estrada #6,7,8,9 ). The law is clear on this issue. It states " FILED AND SERVED" atleast seven days before hearing. Mc CONNELL V SOUTHSIDE,ISD 858 S.W.2d at 337,343. There are two parts, FILE & SERVE !, appellee filed on time May 2, 2014 BUT failed to serve appellant in a timely manner. May 9, 2014 at 3pm after said hearing had concluded.

Second issue appellee failed to discuss is who signed for this service of Response document ? The law is clear on this issue to. HARMON TRUCK LINES,INC V STEELE, 836 S.W.2d at 262. " When signature was not plainly the agents, SERVICE WAS NOT ADEQUATE." PRIMATE CONSTR,INC V SILVER,884 S.W.2d at 151, 152, " Primate over-ruled those cases and held the record must affirmatively show that the person served was in fact the registered agent." To compound matters further appellant was never served and never signed for District Attorney's response Motion. Appellant is acting pro se and is intitled to all benefits intitled to a freeworld lawyer. Appellant has NO AGENT or REPRES- ENTATIVE OR HAS APPOINTED ANYONE WITH HIS PERMISSION to sign for any certi- fied legal mail. So who signed for this document acting as an agent for appel-

lant. The law is clear on this issue to. FALSIFYING RETURN: "A person knowingly or intentionally falsifies a return of service may be prosecuted under Penal code, chapter 37 for tampering with governmental record. CPRC § 17.030(d). Not only was appellant given the District Attorney's Response Motion LATE on May 9, 2014 at 3pm AFTER SAID HEARAING HAD CONCLUDED denying appellant the ability to prepare a defense but, also someone unbeknown to appellant falsified the service of Response document by signing for it as an agent of appellant. Appellee's argument VI cannot be supported by law or fact and appellant request this court to investigate this matter further as a result of these irregular actions by appellee and produce the green certified card to see if appellants signature is present on said item. If not then by law ,said motion should be over ruled and remanded back.

IV

Appellee argues in VI that appellant is not allowed to present any testimony at hearing. Appellant disagrees and will explain as follows. In order to show that a deprivation of witness testimony amounted to a violation of a 6th amendmant right to compulsory process,appellant must make some plausable showing of how their testimony would have been both material and favorable to his defense. USCA Const Amend 6, US V VILLANUEVA 408 F.3d at 193, 126 S.Ct 268,546 US,910,163,L.Ed 2d at 241. 6th Amend, 14 Amend/due process Art 1,§10, Texas Const,"confront witness".

The witnesses subpoena'd were names the appellee District Attorney used on his fraudulent document extraneous offense report stateing that appellant either assaulted them or aggravated assaulted them. This document was then given to a jury to assess appellants punishment by. This was illegal and direct due process and civil rights violations, causing egregious harm to

(6)

appellant. These witnesses were in support of appellants No-evidence/No-answer defaults that should have been the only thing ruled on at hearing concerning appellee District Attorney as all other documents wre not timely filed or served upon appellant. These witnesses would provide the evidence needed by way of testimony that would refute the document entered into evidence by District Attorney as true and correct. Appellee had failed to answer or provide any evidence in support of the extraneous offense report and this testimony by the people named on said report was needed. Until this is done knowledge is not the same as knowledge supported by facts and evidence i.e. testimony by the very people named on extraneous offense report. It is a right to be confronted by witness and a due process violation if not allowed.

(Tex App-San Antonio 2000) " Defendants right to subpoena witness in his favor arise out of the United States Const 6th Amend right of compulsory process and the State Const provision that criminal, defendants have a right to compulsory process for obtaining witnesses, and the 6th Amend right to compulsory process in plain terms the right to present a defense, and the right to present the defendants version of the facts as well as the prosecutions to the jury so it may decide where the truth lies."USCA Const Amend 6 Vernon's Ann, Texas Const, Art 1,§10 SUAREZ V STATE 31 S.W.3d at 323. "Right to confrontation by cross-examination is fundammental constitutional right." THOMAS V STATE 897 S.W.2d at 539, Crim Law 662.7

TRE 806, When hearsay statement, or a statement defined in Rule 801(e)(2)(c), (D) or (E) or in civil cases a statement defined in Rule 801 (e)(3) has been admitted into evidence, THE CREDIBILITY OF THE DECLARANT MAY BE ATTACKED. " IF THE PARTY AGAINST WHOM A HEARSAY STATEMENT HAS BEEN ADMITTED CALLS THE DECLARANT AS A WITNESS, THE PARTY IS ENTITLED TO EXAMINE THE DECLARANT ON

(7)

THE STATEMENT AS IF UNDER CROSS-EXAMINATION." VICTOR M. SOLIS UNDERGROUND UTIL & PAVING Co. V CITY OF LAREDO,751 S.W.2d at 532,537 .TANGIBLE ITEM USED FOR A SPECIFIC PURPOSE,§101.021(2)

Proof of Authenticity,Document Extraneous Offense Report, " Authentication is established by evidence that the matter in question is what its proponent claims it to be." TRE 901(b)(1); In re G.F.O. 874 S.W.2d at 731," A document is considered authentic if (2) a sponsoring witness vouches for the documents authenticity ."

Appellee has repeatedly avoided any attempt to present any evidence in support of extraneous offense report. This is why appellant issued subpoenas to fact witnesses to either authenticate or refute the validity of extraneous offense report. The denial of testimony by hearing judge violated appellant's due process rights established by law and statute. The appellee District Attorney DID NOT OBJECT to said testimony and would be to late to do so now.

Appellee's document extraneous offense report is mere inference as it is NOT supported by any facts or law. It is NOT of any public record or crime supported by record or any final conviction as it reports items 3 thru 20. Pursuant to Rule 404,609. "Facts from which an inference may properly be drawn must be established by DIRECT EVIDENCE not by other inferences." MERCK & Co.,Inc V ERNST,296 S.W.3d at 81.

It cannot be said that appellant failed to pursue his claim as he had knowledge of false extraneous offenses as it takes more than knowledge to confirm that argument. It takes evidence through testimony and appellant was denied

(8)

this ability by hearing judge.

## THAYER PRESUMPTION

A presumption that requires the party against whom the presumption operates to come forward with evidence to rebut the presumption, but that does not shift the burden of proof to the party. Fed.R. Evid 301

Appellant has repeatedly requested evidence in support of extraneous offense report from appellee District Attorney. Appellee has failed to provide anything in support of this document. It is my request that this Court make ruling as to the credibility and reliability of this document. That a declaration be made as to the findings of this document and that injunctive relief in the form of a policy that a document of fraudulent nature never be introduced into an Atascosa County proceeding by the District Attorney of Atascosa County, Texas. This will satisfy my Due Process Complaint. The testimony denied appellant was crucial to both appellants abililty to confront witness and to satisfy the requirements of evidence in either support of or denial of the document extraneous offense reports reliability as being true and correct. Appellee's argument VI on testimony has no merit in law or fact.

## CONCLUSION

What is knowledge with out evidence or being denied the ability to develope evidence in support of knowledge . This in law is considered a Due process violation directly affecting the operation of law and denying appellant his rights guaranteed by the 6th and 14th Amendments. Appellee trys to divert this courts attention away from the true nature of this complaint. Fraudu-

lent Concealment of the true facts supported by evidence is being with held from Appellant concerning the extraneous offense report. Appellee is stating Appellant is trying to relitigate his criminal proceedings in this complaint. Nothing could be further from the truth as this Court cannot free Appellant or lesson Appellant's time through any civil litigations. No, Appellant is pursuing Due process and Civil Rights violations done him during his sentencing phase of his trial, caring nothing about a conviction pertaining to same. There are laws and statutes that dictate the order of things in a court proceeding and Defendant District Attorney, and his i.e.,Prosecution Team violated these rules and statutes DEPRIVING Appellant of his Due Process and Civil Rights guaranteed by the 6th and 14th Amendments. These violations , happened in a criminal proceeding but, the correct venue for addressing such matters are in a civil court as these are civil violations.

FORD MOTOR COMPANY V RIDGWAY,135 S.W.3d at 598,601, Evidence that does no more than create mere suspician of existence of a fact,in legal effect,NO-EVIDENCE "The document labeled extraneous offense report 3-20 are not supported by any existing evidence or fact. GUERRA V JOHNSON 90 F.3d at 1075(5th) False evidence,testimony,use of perjured document not corrected,6th,14th USCA violation. A prosecutors DUTY to correct known false evidence,See MOONEY V HOLOHAN 294,US 103,55 S.Ct,340,79 L.Ed 791,Texas Disciplinary Rules of Professional Conduct, 3.04,3.09 Art 2.01 V.A.C.C.P.Criminal Law 706(2),1171.8(1)

ALLEYNE V UNITED STATES,133 S.Ct.2151(2013), " The essential point that the aggravating fact (EXTRANEOUS OFFENSE REPORT) produced a HIGHER RANGE, It must, therefore, be submitted to the jury and found beyond a reasonable doubt." When an ALLEYNE violation occurred, the defendant's sentence was UNCONSTITU-TIONALLY ENHANCED by the number of years that the sentence exceeded 5 years.

Appellant was sentenced to 40 years with a minimum of 5yrs,harm exist by the submission of this fraudulent document to appellant's jury.State Law must meet or exceed Federal Law,HEITMAN,815 S.W.2d at 681,18 § 4241-4247. "Texas Law" CPRC § 101.021(2)," The use of tangible personal property occurs when the property is brought into action or is employed for a given purpose." The extraneous offense report was used by Appellee District Attorney to enhance the sentence appellants jury assigned as punishment in violation of clearly estab-lished State and Federal laws. " Liability has been imposed when the injuries are alleged to have proximately resulted from the negligent use of property in some respect deficient or in appropriate for the purpose for which it was used.HOPKINS 707 S.W.2d at 325,327. Falsification of evidence Obstructing Justice §§9,15,18-20 US V CIHAK 137 F.3d at 252. ,VASQUEZ V STATE 67 S.W.3d at 229, " Even when the prosecutor does not instigate the perjury, he is obligated to correct any perjured testimony given by one of his witnesses." GRUNSFIELD V STATE 843 S.W.2d at 521, Gov't Code § 311.023(3) Venn,Tx CCP art 37.07,§3(a) "Evidence of extraneous offenses "UNADJUDICATED" WERE NOT admissible during punishment phase at trial for noncapital offenses. Rule81(b) (2).


CALDWELL V BELL,288 F.3d at 838, "Instructions that tells jury to presume any element of a crime WITHOUT evidence violates the 14th Amendmant DUE PROCESS GUARANTEES. See exhibit (B) Motion For New trial attachment (Charge to COURT). SKINNER V SWITZER 131 S.Ct at 1289(2011) "When a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentenc,42 U.S.C.S.§ 1983, is not a available remedy but, if the plaintiff's action, even if successful, will not demonstrate the invalidity of his convic-tion the § 1983 action should be allowed to proceed. IT SUFFICES TO POINT OUT THAT SWITZER HAS FOUND NO CASE,NOR HAS THE DESSENT, IN WHICH THE COURT

(11)

HAS RECOGNIZED HABEOUS AS THE SOLE REMEDY, OR EVEN AN AVAILABLE ONE, WHERE THE RELIEF SOUGHT WOULD "NEITHER TERMINAT[E] CUSTODY,ACCELERATE THE FUTURE DATE OF RELEASE FROM CUSTODY, NOR REDUC[E] THE LEVEL OF CUSTODY' DOTSON 544 US at 86,125 S.Ct at 1242, 161 L.Ed 2d at 253

This is a Due Process Complaint addressing the violations done to Appellant during his sentencing phase of his criminal trial. These Due Process and Civil Rights Violations are being addressed in a Civil Court of law as dictated by law and statute. Appellant has only asked for declaratory and Injunctive relief as stated in the pleadings and prayers. Not any reversal of any criminal conviction. Appellant has stated it clearly and concisely in law and statute. Fraudulent Concealment Doctrine under Texas Tort Laws toll statute until said time a declaration is made that states the credibility and reliability as supported by evidence concerning the document extraneous offense report and its true nature. Appellee's arguments and conclusion hold no merit in law or fact. Appellant urges this Honorable Court to investigate this document in question and to report the facts satisfying the declaration and injunctive relief sought by appellant.CHAPMAN V MARATHON MFG Co. 590 S.W.2d,549.

## PRAYER

WHEREFORE premisses considered Appellant prays this Honorable Court Reverse and REMAND this action for a full and fair review investigating the document EXTRANEOUS OFFENSE REPORT,GRANTING all the relief the Appellant is intitled to, Making ORDER for bench warrant so Appellant can attend.

Respectfully submitted

David A. Edwards

David Allan Edwards #907246
Appellant/pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

(12)

## DECLARATION

I <u>DAVID ALLAN EDWARDS</u>, declare under penalty of perjury pursuant to § 132.001 CPRC, that I have read and subscribe to the above and I swear that the information contained therein is true and correct to the best of my knowledge.

Executed on |-5-15 at the Ellis Unit, Huntsville, Texas .

## CERTIFICATE OF SERVICE

I <u>DAVID ALLAN EDWARDS</u>, hereby certify under penalty of perjury that a true and correct copy of the <u>Response to Appellee's Brief</u>, has been provided to the Deputy Clerk of The Fourth Court of Appeals, with request that said Clerk please provide all interested parties a copy. Document is being sent via USPS this 1-5-15 day of January 2015,via postage paid envelope.

David Allan Edwards # 907246
Appellant/ pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

(13)

January 5, 2015

Fourth Court of Appeals

Deputy Clerk, Luz Estrada #3219

RE: Filing Response Brief 04-14-00611-CV
    District Attorney,Atascosa County

Dear Deputy Clerk, Estrada

    Please find enclosed my Response Brief , please file. Thank you for your help in this matter and please provide a copy for all interested parties.

                              Respectfully yours

                              David A. Edwards

                              David A. Edwards # 907246

                              Ellis Unit, 1697 FM 980
                              Huntsville, Texas 77343
                              Appellant/pro se